# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TYRAE TREMON RICHEY,** *Plaintiff,* v. **COII MIDDLETON,** *Defendant.* | **CIVIL ACTION NO. 5:19-cv-00432-TES-CHW** |

## ORDER DISMISSING CASE

Plaintiff Tyrae Tremon Richey, an inmate in the Chatham County Detention Center in Savannah, Georgia, filed a *pro se* 42 U.S.C. § 1983 civil rights action and a motion to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]; [Doc. 2]. Although Plaintiff submitted an affidavit in support of his claim of indigence, he did not submit a certified trust fund account statement for the preceding six months, as required by 28 U.S.C. § 1915(a)(2). Accordingly, the United States Magistrate Judge ordered Plaintiff to file a certified copy of his trust fund account statement for the last six months. [Doc. 7]. The magistrate judge gave Plaintiff 21 days to comply. [*Id.*].

Thereafter, Plaintiff did not file a certified copy of his trust fund account statement. As a result, on December 12, 2019, the magistrate judge ordered Plaintiff to

respond and show cause why the Court should not dismiss this case for failure to comply with its previous directive. [Doc. 8]. The magistrate judge again gave Plaintiff 21 days to respond and cautioned Plaintiff that his failure to respond would result in the dismissal of this action. [*Id.* at pp. 1–2].

More than 21 days have now passed since the magistrate judge ordered Plaintiff to show cause why this Court should not dismiss this case, but Plaintiff has not filed any response to the Show Cause Order. Thus, because Plaintiff has failed to comply with the previous Orders or to otherwise prosecute his case, the Court now **DISMISSES** his Complaint [Doc. 1] **without prejudice**.[1] *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 24th day of February, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] is **TERMINATED as moot**.